## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Cesar Martinez; and | ) | |
| Alonzo Rodriguez | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07 C 422 |
| | ) | |
| v. | ) | |
| | ) | Judge Feinerman |
| The City of Chicago, | ) | |
| a municipal corporation; and | ) | |
| Martin Acevedo, Star 9561; | ) | |
| Javier Avalos, Star 18817; | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTIONS *IN LIMINE* 1-28

Defendants Martin Acevedo, Javier Avalos, and the City of Chicago, by and through their

attorneys, Christopher Wallace and Mary McCahill, Assistant Corporation Counsels for the City of

Chicago, respectfully move the Court, *in limine*, as follows:

1. **Motion to bar evidence, testimony, or argument of civilian complaints, witnesses, lawsuits, and/or employees or other disciplinary proceedings pending or past claims against the Defendant Officers and any other Police Officer.**

Defendants seek to bar Plaintiffs from offering any testimony, evidence, or argument

regarding the prior disciplinary records of any of the officers or other police department personnel

involved in this incident.  Defendants' motion should be granted because such prior disciplinary

records are wholly irrelevant and highly prejudicial to the issue of Defendants' conduct in this case.

Defendants believe that Plaintiffs may attempt to introduce testimony and evidence relating

to prior instances of alleged misconduct by Defendants and other non-defendant police officer

witnesses who may be called to testify at trial.  This evidence would most likely be, but not

necessarily limited to, prior or pending lawsuits and citizens' complaints against the Officers and/or

other police officer witnesses.  Defendants move to bar this evidence because it constitutes

improper character evidence or propensity evidence under Fed. R. Evid. 404.  Moreover, such evidence is irrelevant, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  See Fed. R. Evid. 402 and 403.

Any information or allegation that Defendants may have acted wrongfully in the past is nothing more than so-called "bad acts" evidence or "propensity evidence."  Propensity evidence, however, is inadmissible under Fed. R. Evid. 404(b) to prove that a party acted on the occasion in question consistent with his alleged bad character.  See Huddleston v. U.S., 485 U.S. 681, 685 (1988); U.S. v. Shriver, 842 F.2d 968, 974 (7th Cir. 1988).  In this case, Plaintiffs' only purpose in introducing or suggesting such evidence would be to attempt to taint the jury into believing that accusations of alleged misconduct had been brought against the officers, and therefore it is likely that the officer acted in a similar manner or otherwise acted wrongfully in the circumstances presented here.

Although Rule 404(b) permits the admission of evidence of other acts, if such evidence is directed toward establishing a matter in issue other than a defendant's propensity to commit the act charged, Plaintiffs will not be able to satisfy its burden under Rule 404(b) of explicitly articulating which exception to the general rule applies.  U.S. v. Zapata, 871 F.2d 616, 620-21 (7th Cir. 1989), Moreover, even if there were some probative value in admitting this evidence, that probative value would be overwhelmingly outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403; see also, Berkovich v. Hicks, 922 F.2d 1018, 1022 (2nd Cir.1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant); Lataille v. Ponte, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary record). Further, in the event that evidence of other complaints or lawsuits is allowed to go to the jury, the defendants will be forced to present evidence to the effect that the alleged other incidents did not

occur, that such complaints are unfounded, thus giving rise to a series of collateral mini-trials within this trial. Jones v. Hamelman, 869 F.2d 1023, 1027 (7th Cir. 1989); Vukadinovich v. Zentz, 995 F.2d 750, 755-56 (7th Cir. 1993) (complaints against officers arising from dissimilar events properly excluded); Hopson v. Frederickson, 961 F.2d 1374, 1379 (8th Cir. 1992) (trial court properly excluded evidence of prior allegation of abuse made against officers arising from dissimilar events properly excluded). Finally, these same arguments would also apply if Plaintiffs sought to introduce any evidence of other litigation and/or complaints against any non-defendant police officer witnesses who might be called to testify in these proceedings.

Accordingly, this Court should preclude Plaintiffs from attempting to elicit testimony or otherwise introduce evidence relating to any prior or other complaints of misconduct against the Defendants and any non-defendant police witnesses called to trial.

## 2. Motion to bar Plaintiffs' "other act" witness Raul Robledo and CR No. 288565.[1]

Defendants believe that Plaintiff will attempt to introduce testimony and evidence relating to an alleged instance of misconduct by Officer Acevedo as reported by a Raul Robledo. This evidence would most likely be, but not necessarily limited to, testimony from Raul Robledo in relation to a complaint made against an "Officer Acevedo" in April 2003 and the corresponding disciplinary investigation, commonly referred to as Complaint Register or "CR" file, of Robledo's complaint. In the course of this litigation, Plaintiff identified Robledo, whom he characterizes as "404(b)" witness, and CR number 288565 as evidence Plaintiffs' intend to support their claims.

Defendants move to bar the introduction of testimony from Robledo and the introduction of CR number 288565 because it constitutes improper character evidence or propensity evidence under Rule 404(b). Moreover, such evidence is irrelevant, hearsay, and any probative value it may

---

[1] If desired, Defendants can tender a copy of CR No. 288565 to chambers for the Court's review.

have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  See Fed. R. Evid. 402 and 403.

**Introduction**

Robledo made a complaint to the Chicago Police Department's Office of Professional Standards ("OPS") in April 2003 in relation to an encounter with Officer Acevedo and Officer Avalos.  Specifically, Robledo claimed that on April 2, 2003, Officer Acevedo engaged in the following conduct:  cursed at Robledo, ordered him to "come here," grabbed him by the coat, pushed him against the police car, cursed at him again, struck Robledo in the knee to get him to fall to the ground, slapped him on the back of the head, unzipped his coat, removed the belongings in his pocket, searched him again, cursed at him again, pushed his face away as he let him go and threatened to take him to jail if he saw him again.  Robledo claims he was doing nothing wrong, simply walking home, and that Acevedo was merely harassing him as he had done on many other occasions.  Robledo testified in his deposition that an Officer Acevedo, not necessarily Martin Acevedo, had falsely arrested him on numerous occasions and was a dishonest cop.

Officer Acevedo and Officer Avalos deny Officer Acevedo engaged in the conduct Robledo claims happened.  Officer Acevedo and Officer Avalos will testify that they stopped Raul Robledo because he was flashing gang signs, shouted "King Love" to a passing vehicle, and made furtive movements toward the vehicle he was flashing the signs at intonating he had a gun.  Their stop was a brief encounter to make sure Robledo did not in fact have a gun and Robledo was released without being taken into custody or any charges being made against him.  Arrest records indicate that Raul Robledo has been arrested by an Officer Rafael Acevedo, who works in the same district as Martin Acevedo, on several occasions and not by Martin Acevedo.

**A.  Plaintiffs' "other acts" witness, Raul Robledo, and CR 288565 is improper character evidence and should be barred.**

4

Propensity evidence is inadmissible to prove that a party acted on the occasion in question consistent with his alleged other bad act. Fed.R.Evid. 404(b); see Huddleston v. U.S., 485 U.S. 681, 685 (1988); U.S. v. Shriver, 842 F.2d 968, 974 (7th Cir. 1988). Before evidence is allowed under Rule 404(b), the party seeking admission must satisfy the following requirements: (1) the proposed evidence must be directed toward establishing a matter in issue other than propensity; (2) the evidence must be similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence must be sufficient to support a jury finding that the defendant actually committed the similar act; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. U.S. v. Zapata, 871 F.2d 616, 620 (7th Cir. 1989). Plaintiffs' propensity witness and CR evidence does not satisfy any of the *Zapata* prerequisites for admissibility.

First, Plaintiffs offer Robledo for propensity with the aim to convince the jury that it is more likely that Individual Defendants engaged in misconduct in this case because there has been a complaint, albeit disputed, over two years prior to the incident giving rise to this lawsuit. This type of smear campaign is not permitted and such evidence should be barred. Fed.R.Evid. 404(b); see also Okai v. Veruth, 275 F.3d 606, 610-12 (7th Cir. 2001) (affirming exclusion of prison guard suspensions not relevant to matter in issue).

Second, Robledo accusations and the CR file associated with his claims relate to an incident between he and Officer Acevedo taking place in April 2003, over two years before the May 17, 2005, incident giving rise to this litigation. Further, the accusations Robledo makes are completely dissimilar to the events in this case. Plaintiffs clearly intend to swamp the jury with Robledo's accusations to simply portray the officers, particularly Officer Acevedo, as unsavory regardless of the actual evidence relating to their involvement, if any, in arresting Alonzo Rodriguez, Cesar Martinez and Jose Garcia.

Third, Robledo's accusations are simply that, accusations. Officer Acevedo and Officer Avalos have a completely different version of their encounter with Robledo on April 2, 2003. OPS determined that there was insufficient evidence to sustain the allegations against the Officers. In order to substantiate the accusations the jury would have to weigh the credibility of the participants and make a judgment. There is simply insufficient information to substantiate that Officer Martin Acevedo actually engaged in the conduct complained off.

Finally, as set forth below, the probative value of any information Robledo has to offer the jury is substantially outweighed by the danger of unfair prejudice.

**B. Plaintiffs' "other act" witness, Raul Robledo, and CR 288565 should be barred pursuant to Rule 403.**

In addition to being improper character evidence, Plaintiff's "other acts" witness, CR evidence, and evidence of prior lawsuits against Officer Acevedo should be excluded because any probative value it might offer to the liability of the Defendants is overwhelmingly outweighed by the danger of unfair prejudice, confusion, and delay. Fed. R. Evid. 403; See Zapata, 871 F.2d at 620; see also, Berkovich v. Hicks, 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant); Lataille v. Ponte, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary record).

First, it is entirely unclear that Robledo is actually talking about Officer Martin Acevedo, the defendant in this case. In his deposition, Robledo testified that for a period of 2 years, he was continually falsely arrested by "Officer Acevedo." Arrest records show that Officer Rafael Acevedo arrested Plaintiff a number of times in the approximate same period. Indeed, in his deposition, Robledo testified that he believed the perpetrator of the misconduct against him on April 2003 had the first name "Rafael." Defendants have tendered the several arrest reports relating to arrests by Officer Rafael Acevedo of Robledo.

Regardless, Robledo's testimony would turn this case into a complete side-show, devolving this case into a he said / he said between Robledo and several other non-defendant Chicago police officers. In order to rebut the accusations, Defendants would call several police officers to impeach Robledo, all of who have no role in the May 2005 incident between Plaintiffs and Defendants. Given Robledo's lengthy arrest history, this could require literally dozens of additional witnesses that would give testimony at this trial. Defendants would be forced to put on mini-trials in order to disprove allegations unrelated to the incident at issue and properly contextualize the accusations. This alone is a sufficient basis to exclude the other act witnesses. Heflin v. City of Chicago, 95 C 1990, 1996 WL 28238, at *1-2 (N.D. Ill. Jan. 22, 1996) (excluding evidence of prior complaints against defendant officers as determining the sufficiency of such evidence would require a "trial within a trial") (quoting Jones v. Hammelman, 869 F.2d 1023, 1027 (7th Cir. 1989).

## Conclusion

At bottom, this is a simple case involving straight forward questions of fact relating to the events on May 17, 2005. Plaintiffs should not be permitted to turn this incident into a trial of other incidents of alleged misconduct. Plaintiff "other acts" witness, Raul Robledo and CR No. 288565 should be barred because this evidence does not meet the prerequisites to admissibility under Fed. R. Evid. 404(b). In the alternative, this evidence should be barred pursuant to Rule 403.

**3. Motion to bar evidence regarding a "code of silence," "blue wall" or that a "cover-up" or conspiracy existed in this case.**

Defendants seek to bar Plaintiffs from offering any testimony, evidence, or argument that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" or "blue wall" to protect their fellow officers. This Court should exclude such evidence because it is not relevant to the jury's determination of the credibility of the police testimony in this case and would be extremely prejudicial to Defendants.

It is anticipated that Plaintiffs will attempt to introduce at trial generalized testimony, evidence, or argument of an alleged police "code of silence" or "blue wall" maintained by the Chicago Police Department and/or police in general to protect fellow officers accused of wrongdoing. However, evidence is admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. Fed. R. Evid. 403.

Here, general allegations of a police "code of silence" or that police officers cover up for other officers, i.e. erect a "blue wall" has no place in this lawsuits and would serve solely to engender unsubstantiated animus toward Martin Acevedo and Javier Avalos by invoking in the minds of jurors that officers run amok to protect their own. The jury's province, however, is to weigh the evidence and render a decision predicated upon facts, not speculation or rumination fostered by associating these Defendant police officers with those who have been exposed to be corrupt and unsavory. Accordingly, pursuant to Rules 401, 402, and 403, Plaintiffs should be barred from arguing, adducing, or otherwise presenting any alleged police "code of silence" or "blue wall." Fed. R. Evid. 401, 402, 403.

### 4. Motion to bar any testimony, evidence, argument or comments regarding other events concerning allegations of police misconduct in the media or any other forum.

In recent years and months, allegations of misconduct by members of the Chicago Police Department have received media coverage in the city's major newspapers, local news broadcasts and on the internet. The officers involved in Plaintiffs' arrest have nothing to do with any of these publicized incidents. Defendants request that Plaintiffs, their attorney(s) and witnesses be barred from mentioning, referring to, interrogating or questioning, introducing evidence of other alleged police misconduct.

5. **Bar any testimony, evidence, argument or comments regarding appointment of new Superintendent and other Police Officials or Departments to investigate allegations of Police misconduct.**

During the course of this litigation, the Chicago Police Department has undergone several changes in its hierarchy to address the recent concerns of police misconduct. During this transformation, a new Superintendent from outside the CPD, Jody Weiss, was appointed and a new department, the Independent Police Review Authority, was created to investigate alleged police misconduct, particularly excessive force. The officers involved in Plaintiffs' arrest are not responsible for any of these changes. The above mentioned changes have nothing to do to the issues in this case. As such, any testimony, evidence, argument or comments regarding these publicized changes in the hierarchy of police department should be barred. Fed. R. Evid. 401, 402, & 403.

6. **Motion to bar any argument or implication that the Defendants failed to comply with pretrial discovery, to bar requesting any document from defense counsel in the presence of the jury and any reference to the City of Chicago retention schedules.**

Defendants ask the Court to prohibit Plaintiff's counsel from requesting attorneys for the Defendant to produce any information or documents in the presence and hearing of the jury. Also, the Defendants ask that Plaintiff's counsel be prohibited from arguing or implying that Defendants have not complied with or been diligent with respect to any discovery request or make reference to the City of Chicago's document retention schedules since it is irrelevant to the issues in this case and designed to confuse the jury. See Fed.R.Evid. 402 and 403.

7. **Any testimony or argument regarding settlement discussions should be barred pursuant to Rule 408.**

Under Rule 408, settlement offers and any statements made to reach a pretrial settlement are inadmissible. Fed. R. Evid. 408.

8. **Motion to bar any testimony or argument that the jury should punish the City.**

Defendants move to bar any argument or inference that the jury should send a message to the City with its verdict, or that the jury should punish the City with its verdict. As a matter of law, Plaintiffs cannot recover punitive damages from the City as a result of this occurrence. See 745 ILCS 10/2-102. Sending a message, or punishment, cannot form the basis for any damages other than punitive damages. Accordingly, Plaintiffs should not be permitted to imply to the jury that punishment can serve as a legitimate basis for an award against the City.

9. **Motion to bar any implication or testimony that Chicago Police Department personnel are being paid by the City to appear in court and testify.**

Chicago Police Department employees will be testifying at trial and have previously testified at depositions in this matter. Defendants seek to bar Plaintiffs from making any statements or inferences that police personnel and/or the Defendant Officers are being paid, or in the past have been paid, for their time in court or providing other testimony. Testifying in criminal proceedings is part of Chicago Police Officers' duties and responsibilities as police officers. Any testimony or implications that the Chicago Police Officers are being compensated for testifying or are financially motivated to bring false charges against individuals because they are getting compensated for time spent in court is absolutely irrelevant to this case under Rule 401 and 402 and unduly prejudicial as envisioned by Rule 403.

10. **Motion to bar any evidence or testimony that the City of Chicago will indemnify the defendants.**

Plaintiffs should not be permitted to argue or introduce evidence that Martin Acevedo or Javier Avalos may be indemnified by the City of Chicago for any portion of a judgment that might be entered against them. Whether the City provides indemnity is irrelevant to the issue of whether

the defendants are liable for any acts they allegedly committed. Reference to indemnity agreements between employers and employees is similar to reference to liability insurance, which is prohibited by Federal Rules of Evidence 411. See Laraz v. Holcomb, 16 F.3d 1513 (9th Cir. 1994) (holding that instructions to a jury on indemnification in § 1983 action required a new trial); *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial; see also Lawson v. Trowbridge, 153 F.3d 368, 379 (7th Cir. 1998). Accordingly, all evidence and argument of this nature should be barred.

### 11. Motion to bar comment on the fact that Defendants have multiple attorneys representing them in this litigation.

During jury selection, opening statements, the presentation of evidence, and closing arguments, Plaintiffs' counsel may attempt to refer to the number of Defendants' attorneys. The effect of these references will be to create an improper inference to the jury that the officers' must have engaged in some form of wrongdoing so as to need a number of lawyers to represent them in the case. This is inappropriate argument and should be barred.

### 12. Motion to bar reference to Chicago Police Department general orders.

Defendants move the Court *in limine* to bar plaintiff from presenting evidence regarding violation of internal police department directives, regulations, or general orders by the Officers or any other testifying police personnel, or suggesting that any officer may have breached or violated any Chicago Police Department directives, regulations or orders. Evidence or argument relating to the any alleged breach of any of the aforementioned is irrelevant to the Plaintiff's claims and, even if relevant, would be unduly prejudicial under Rule 403 of the Federal Rules of Evidence.

It is well-established that a violation of police regulations is "completely immaterial as to the question of whether a violation of the federal constitution has been established." Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006). Furthermore, it is well-settled that the violation of a

standard, rule, or regulation, in and of itself, does not constitute willful and wanton conduct. <u>Morton v. City of Chicago</u>, 676 N.E.2d 985, 992 (Ill. App. Ct. 1997). The violation of self-imposed rules or internal guidelines, such as general orders, does not normally impose a legal duty, let alone constitute evidence of willful and wanton conduct. <u>Blankenship v. Peoria Park District</u>, 269 Ill.App.3d 416, 422-23, 647 N.E.2d 287 (3rd Dist. 1995), and <u>Young v. Forgas</u>, 308 Ill.App.3d 553, 566, 720 N.E.2d 360, 369 (4th Dist. 1999) (<u>citing</u> <u>Dezort v. Village of Hinsdale</u>, 35 Ill.App.3d 703, 708 (1976)).

13. **Motion to limit the testimony of Plaintiffs' non-expert treating physicians to opinions regarding the particular treatment they provided.**

Defendants anticipate that Plaintiffs may call one or more treating physicians in their case-in-chief. Treating physicians must be identified as experts if they are to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(A)("a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence"); <u>see also</u> <u>Musser v. Gentiva Health Servs.</u>, 356 F.3d 751, 757-58 (7th Cir. 2004). In this case, Plaintiffs have not identified any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A). Instead, Plaintiffs disclosed "treating medical personnel and keeper of records at St. Anthony Hospital" which they did not identify and whose subject of testimony was stated to be "regarding Plaintiff Alonzo Rodriguez's injuries and medical treatment." <u>See</u> Pl. 4/25/07 Rule 26 Disclosures. None of Plaintiffs' treating physicians were identified as experts; therefore, they are fact witnesses whose testimony at trial should be solely to the care and treatment provided to Plaintiff Alonzo Rodriguez. Plaintiffs should not be allowed to offer any opinions as to causation, permanence, or as to any collateral medical issues that may be relevant to this case.

14. **Motion to bar lay witness testimony regarding Plaintiffs' medical conditions, causation, diagnoses or prognoses.**

Defendants move to bar Plaintiffs and any of the Plaintiffs' lay witnesses from testifying as to any medical conditions, causation, diagnoses or prognoses that Plaintiffs claim resulted from the

incident at issue here. Plaintiffs are not competent to offer testimony regarding any purported medical (physical or psychological) injuries they may have suffered as a result of this incident aside from testifying about subjective symptoms (e.g. "pain," "soreness"). As lay witnesses, Plaintiffs lack the knowledge, skill, experience, training, and education that would qualify him to testify about the nature of any underlying medical condition, its cause, or its permanence as a result of the incident. Because such testimony may only be offered by a properly-disclosed expert witness, and in this case there is none, Plaintiffs and their lay witnesses should be barred from testifying about these issues.

### 15. Motion to bar undisclosed witnesses and evidence.

Rule 26 requires the disclosure of "each individual … that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" and the disclosure of all "documents …and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment." F.R.C.P. 26(a). Any witnesses, documents, photographs or evidence not disclosed by Plaintiffs pursuant to Rule 26 should be barred from use at trial.

### 16. Motion to bar any reference to the fact of investigation or the quality of any investigation of the allegations made in Plaintiffs' lawsuit by the Office of Professional Standards.

Plaintiffs should be barred from mentioning the investigation of the Complaint Register relating to this case by the Office of Professional Standards ("OPS") or making any reference to an "internal investigation" or similar terms regarding the incident alleged in the complaint. The OPS investigation into the allegations raised by this lawsuit is entirely irrelevant to this lawsuit, is prejudicial in that it could be used to suggest that the officers involved in Plaintiffs' arrest did something wrong, and would confuse the jury as it may suggest that Plaintiffs first sought some form of relief by lodging a complaint with OPS when they did not. Reference to any internal investigation

would unduly prejudice the Officers by creating an improper negative inference that the Officers engaged in some form of wrong-doing bearing disciplinary scrutiny by internal agencies.

17. **Motion to exclude all non-party witnesses from the courtroom during trial testimony until after their testimony has been received.**

Defendants move this Court to exclude all witnesses (other than the Plaintiffs and Defendants Martin Acevedo and Javier Avalos) from the courtroom during the opening statements and testimony of any and all other witnesses. Such an order is proper because it prevents the contamination of the testimony of potential witnesses.

18. **Motion to bar evidence or argument that the defendants or their attorneys or agents ever delayed the trial of this cause, or that the Plaintiffs have waited a long time for their day in court or a long time for "justice."**

The incident giving rise to this lawsuit took place on May 17, 2005, when Plaintiffs were arrested following a traffic stop. Plaintiffs filed this lawsuit on January 23, 2007, and litigation proceeded henceforth. Arguments that the Plaintiffs have waited a long time for justice and vindication are irrelevant and unduly prejudicial. Moreover, any argument along these lines is belied by the record. Indeed, Plaintiffs themselves delayed the prosecution of their own case which at one point led the Court to dismiss this matter for want of prosecution without prejudice. See Docket Entry 64, July 8, 2008, Order Granting Defendants Rule 37(b) motion.

19. **Motion to bar argument that Defendants are afraid of the jury seeing certain photographs of Plaintiffs.**

During the opening statement in Plaintiffs' criminal trial, counsel argued before the jury that "they" were afraid to show the jury certain photographs of the Plaintiffs following the incident. Intonating that the Officers are somehow afraid of Plaintiffs' evidence or fearful that the jury receive certain information is unduly prejudicial and entirely inappropriate as such argument has no place in this trial. Fed. R. Evid. 403. Plaintiffs will present their evidence and version of events. Defendants

will do the same. The jury is charged with determining whether any fact has been proved by considering "all of the evidence bearing on the question regardless of who introduced it." See 7th Cir. Pattern Instruct. 1.08. Argument that one side is fearful of the others' evidence obviates this fundamental principle of jury deliberation and should be barred at trial.

**20. Motion to bar any mention of how the City of Chicago trains, disciplines, monitors or controls police officers.**

The City of Chicago is not a true party to the case because the City is now only being sued for purposes of indemnification. Accordingly, such information is irrelevant to the issues in this case, is highly prejudicial, and is likely to confuse the jury. Fed. R. Evid. 401 and 403.

**21. Motion to bar reference to the fraternal order of police disclaimer given in response to the complaint register investigation.**

The disclaimer is not relevant to a determination of the material issues under consideration by the jury in this matter and would only serve to prejudice the defendants and confuse the jury. Fed. R. Evid. 401 and 403.

**22. Motion to bar argument or testimony that Officer Acevedo and/or Officer Avalos could have used other means of force to control Alonzo Rodriguez, Cesar Martinez, and/or Jose Garcia.**

Such evidence is irrelevant, any probative value it may have is substantially outweighed by the danger of unfair prejudice, it confuses the issues, and it is misleading to the jury. Fed. R. Evid. 402 and 403.

**23. Motion to bar Nancy "Martinez" a/k/a Nancy Salgado, a/k/a Nancy Rodriguez from testifying.**

Plaintiffs testified that they were driving in Nancy Martinez's a/k/a Salgado a/k/a Rodriguez car on the night of the incident. Defendants made several efforts to depose Ms. "Martinez," but were never provided with adequate identifying and contact information from

Plaintiffs. Accordingly, Ms. "Martinez" should be barred from testifying. Additionally, Plaintiffs

and their witnesses should not be permitted to testify as to any statements made by this person, or

what they think this woman might have seen or said or did in relation to this incident or in relation

to any of Plaintiffs' claimed damages. Fed. R. Evid. 401, 402, and 403. Furthermore, any statements

from this person should be barred as they are inadmissible hearsay. Fed. R. Evid. 801.

### 24. Motion to bar Plaintiffs from claiming any lost wages, inability to find work, or lost economic opportunity.

Plaintiffs testified in response to interrogatories that they are not seeking lost wages and have

not produced or identified any evidence to substantiate any claim that they suffered any loss of

income or lost economic opportunity, and no witnesses or documentary evidence has been disclosed

or provided in discovery to establish such a claim. Plaintiffs must be barred from arguing for an

award of lost wages or compensation for any lost economic opportunity.

### 25. Motion to bar Plaintiff Cesar Martinez from testifying about pain and suffering of family members.

Defendants anticipate that Plaintiff Cesar Martinez may testify that his family members

suffered by seeing him at Cook County Jail. Plaintiff never disclosed any family members as

witnesses which he intended to call at trial. Evidence of emotional suffering by Cesar Martinez's

family members is irrelevant and unduly prejudicial to Defendants and should be barred. Fed. R.

Evid. 401, 402, and 403.

### 26. Motion to bar Plaintiffs from claiming any expenses related to the defense of the criminal charges, including attorneys' fees.

Plaintiffs responded "None" to interrogatories requesting all evidence relating to "any and

all other expenses and/or losses that you are claiming in this lawsuit…" In addition, Plaintiffs did

not produce in response to document requests any evidence substantiating a claim for attorneys' fees, court costs or other expenses in relation to the criminal case. As such, Plaintiffs must be barred from asking the jury to award such damages in this case.

**27. Motion to bar evidence regarding the outcome of the criminal trial.**

Plaintiffs must be barred from introducing evidence of the outcome of the criminal proceedings as such evidence has no bearing on probable cause for Plaintiffs' arrest and would unnecessarily confuse the jury regarding the issues at stake in this civil case. See Ochana v. Flores, 347 F.3d 266, 272 (7th Cir. 2003) ("It was not an abuse of discretion for the court to grant the officers' motion in limine to bar … the disposition of the underlying criminal charges, because these were not facts within the officers' knowledge at the time of the arrest."); Townsend v. Benya, 287 F.Supp.2d 868, 874 (N.D. Ill. 2003); Serpico v. Menard, Inc., 927 F.Supp. 276, 280 (N.D. Ill. 1996); Hillard v. City of Chicago, 2010 WL 1664941, *4-5 (N.D. Ill. 2010). Indeed, because of the differing burdens of proof, the Seventh Circuit holds that such evidence is "generally irrelevant and inadmissible in a civil case involving the same incident 'since it constitutes a 'negative sort of proof beyond a reasonable doubt.'" Estate of Moreland v. Dieter, 395 F.3d 747, 755 (7th Cir. 2005). Thus, this evidence should be excluded pursuant to Fed. R. Evid. 401 and 403.

Plaintiffs in this litigation advance three causes of action against Acevedo and Avalos: § 1983 False Arrest, § 1983 Excessive Force, and a state law claim for malicious prosecution. The excessive force claim hinges upon Plaintiffs' claims that Officers Acevedo and Avalos punched, kicked and beat them without cause, provocation or any legal justification whatsoever. To interject into the proceedings that Plaintiffs were found not guilty of aggravated battery to a police officer would confuse the issue the jury in this matter is to decide, and unduly prejudice the Officers'

defense in this case as it would create the false impression that a jury has already decided that Plaintiffs did not do anything to justify any use of any force.

Though Plaintiffs will likely argue that they have a claim for malicious prosecution and, as such, they must put forward the outcome of the criminal case, the relevance of Plaintiffs' acquittal to their malicious prosecution claims is similar to the analysis underscoring the need to bar this evidence in § 1983 actions.  While it is true that favorable termination is an element of this cause of action under Illinois law, see Swick v. Liautaud, 169 Ill.2d 504, 512-13 (1996), it does not follow that Plaintiffs must be permitted to put specific evidence of the not guilty verdict of the jury in their criminal case before the civil jury in this case.  As previously stated, the conclusions of another finder of fact applying a different burden of proof is particularly prejudicial because it usurps the civil jury's function as trier of fact through operation of the "negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt." Estate of Moreland, 395 F.3d at 755.  This is particularly prejudicial when such evidence is clearly inadmissible for any purpose whatsoever on other related claims at issue in this lawsuit (i.e. Plaintiffs' § 1983 false arrest claim and claims for excessive force).  Rule 402 explicitly provides for exclusion of otherwise relevant evidence when, as here, there is a substantial chance of unfair prejudice or confusion of the issues.  Fed. R. Evid. 403.  Accordingly, this evidence must be excluded on this basis alone.

In order to avoid any prejudice inuring to Plaintiffs regarding the elements of his malicious prosecution claim, the remedy is for the Court to excuse Plaintiffs from bearing this burden and remove from the jury instructions the requirement that Plaintiffs show that the underlying criminal proceedings were terminated favorably.  Defendants propose the jury be instructed that Plaintiffs must prove the following elements to sustain their malicious prosecution cause of action:  (1) That a particular Defendant commenced or continued a criminal proceeding against Plaintiff; (2) That

Defendant commenced or continued such proceed against Plaintiff without probable cause; (3) That Defendant acted with malice; (4) That Plaintiff suffered damages as a result; and (4) That the Defendant's conduct was wilful and wanton.

Removal of the "indicative of innocence" element from the jury instructions is a proper remedy and the general course of action provided in the Seventh Circuit's Pattern Jury Instructions under similar circumstances. See e.g. Seventh Circuit Pattern Jury Instruction 7.05, Comment a; Seventh Circuit Pattern Jury Instruction 7.08, Comment c; Seventh Circuit Pattern Jury Instruction 7.10, Comment c; Seventh Circuit Pattern Jury Instruction 7.11, Comment c; Seventh Circuit Pattern Jury Instruction 7.12, Comment b).

## 28. Motion to bar Plaintiffs' from introducing evidence of Defendant Acevedo's prior medical injuries and any undisclosed and/or speculative opinions relating to Acevedo's injuries.

It cannot seriously be disputed that Officer Acevedo received injuries during the incident that is the subject of this lawsuit. He received medical attention the evening of the incident, there is photographic evidence of his injuries, he was placed on medical leave as a result of his injuries and he had to receive three epidural shots in his back as a result of these injuries. Defendants believe that Plaintiffs will attempt to introduce evidence of a motor vehicle accident in which Defendant Acevedo was involved and which took place in the year 2000 in order to imply that the medical injuries he suffered as a result of the incident were somehow caused by that accident. Any such argument is purely speculative and should be barred. No medical records adduced during discovery support this theory, nor have Plaintiffs disclosed any expert opinions to support this argument. Furthermore, Defendants believe that Plaintiffs will attempt to argue that Defendant Officer Acevedo was malingering when he was placed on medical leave as a result of the injuries he suffered due to the incident. Plaintiffs have not disclosed any evidence whatsoever, and certainly not any

expert opinions, to support an argument of malingering and he should be barred from making such an argument at trial. Accordingly, Plaintiffs should be barred from 1) introducing evidence or making arguments relating to Acevedo's 2000 motor vehicle accident and 2) introducing evidence or making arguments implying that Acevedo was malingering when he was placed on medical leave for injuries he suffered as a result of this incident. Such testimony or argument is irrelevant, lacks foundation, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues, is an improper potential impeachment technique and would not assist the trier of fact in any way. See Fed. R. Evid. 401, 402, 403.

Respectfully submitted,

/s/ Mary McCahill
MARY MCCAHILL, Assistant Corporation Counsel

30 N. LA SALLE ST., SUITE 900
CHICAGO, ILLINOIS  60602
(312) 742-6404
ATTORNEY NO. 06277989

/s/ Christopher Wallace
CHRISTOPHER WALLACE, Assistant Corporation Counsel

30 N. LA SALLE ST., SUITE 900
CHICAGO, ILLINOIS  60602
(312) 742-6408
ATTORNEY NO. 06278655

## CERTIFICATE OF SEVICE

I, Christopher Wallace, hereby certify that on Thursday, December 9, 2010, I caused a copy of Defendants' Motions *In Limine* 1-28 to be served upon all counsel of record by filing the same before the Court via the ECF system.

*/s/ Christopher Wallace*
Christopher Wallace